DAVIS v. CORNUE et al.

(Supreme Court, Appellate Division, First Department.   March 6, 1896.)

INJUNCTION — RESTRAINING DISTRIBUTEES UNDER DECREE FROM ACCEPTING BENEFITS.

Where a court of competent jurisdiction, in another state, decreed the probate of a will and the distribution of the testator's estate, injunction will not lie in favor of one claiming an interest in such estate by virtue of an agreement with certain of the heirs at law, and also with a devisee under the will, to prevent such decree from being carried into effect, by restraining the distributees provided for in the decree from receiving the portions to which they were thereby entitled, until his interest in the estate should be determined, on the alleged ground that such decree was procured through a corrupt conspiracy on the part of those benefited thereby, in fraud of his rights.

Appeal from special term.

Action by Erwin Davis against Ellen S. Cornue and Joshua G. Cornue, her husband, and others, to restrain and enjoin the defendants above named and certain other defendants from distributing the estate of Andrew J. Davis, deceased, or participating in such distribution thereof, or receiving in any manner any portion thereof, until the rights of plaintiff and of certain of the defendants in and to said estate should be determined, and their portions thereof received by them. From an interlocutory judgment overruling a demurrer by defendants Ellen S. Cornue and Joshua G. Cornue to the amended complaint, said defendants appeal. Reversed.

It is alleged in the amended complaint that Andrew J. Davis died in the state of Montana, where he resided, March 11, 1890, leaving a large estate in that and other states, and, having never married, leaving, as his only heirs at law and next of kin, plaintiff, who is a brother, and two other brothers, four sisters, and seven nephews and neices, all of whom are defendants in this action; that in May, 1890, plaintiff and his two brothers and three of his sisters entered into a written agreement whereby plaintiff agreed to institute and prosecute to final judgment, at his own expense, all actions and other proceedings necessary to establish the rights and claims of him-

self and the other parties to said agreement in and to said estate, against any person claiming the same as a child of decedent, and to defend in like manner against any actions or other proceedings that should be brought by any such person in the assertion of such claim, plaintiff to receive in consideration therefor one-half of the share in said estate of each of the other parties to said agreement, of which agreement all the other heirs at law of decedent had notice; that thereafter John A. Davis, one of the parties to said agreement, propounded for probate, in the proper court in the state of Montana, a paper purporting to be the will of decedent, by the terms of which, after provision for the maintenance for life of certain persons therein named, all the residue of the property of decedent was devised and bequeathed absolutely to said John A. Davis; that thereafter said John A. Davis, by another agreement in writing, authorized plaintiff, at his own expense, to do whatever might be necessary for the enforcement of his (said John A. Davis') rights under said will, for their mutual benefit, on the same terms expressed in the former agreement, of which agreement also the other heirs at law of decedent had notice; that plaintiff fully performed both of said agreements on his part; that said John A. Davis died intestate, January 24, 1893, leaving a widow and six sons, one of whom, as administrator of his father's estate, was substituted as proponent of said will of Andrew J. Davis, deceased, in the place of said John A. Davis, deceased; that the probate of the will aforesaid was contested by four of the defendants in this action; that, whether said will should be admitted to probate or not, plaintiff and the other surviving parties to the above-mentioned agreements are entitled thereunder to definite shares and interests in and to the estate of Andrew J. Davis, deceased; that thereafter defendant Ellen S. Cornue and her husband and certain others of the defendants in this action, including the contestants of the will of Andrew J. Davis, deceased, and including the widow and heirs of John A. Davis, deceased, corruptly and fraudulently conspired and agreed to and with each other that said contest should be discontinued, said will admitted to probate, and the estate divided among themselves in certain proportions, and to defraud plaintiff and the other surviving parties to the two agreements first above mentioned of their shares and interests in said estate, which corrupt and fraudulent agreement was carried into effect, and resulted in a decree admitting said will to probate, and ordering the distribution of said estate in accordance therewith; that neither plaintiff nor any of the other surviving parties to the agreements first above mentioned were parties to the proceeding aforesaid, or had knowledge thereof until said decree was formally entered and made public; that defendant Ellen S. Cornue and her husband, and the other defendants colluding with them, threaten and intend to cause said estate to be distributed among themselves, and to disregard the rights and interests of plaintiff and the other surviving parties to the first-mentioned agreements in and to said estate; that defendants are not financially responsible; and that, if said estate was divided among them, the interests and shares therein of plaintiff and those interested with him would be dissipated and lost. Ellen S. Cornue and her husband demurred to the amended complaint, for want of jurisdiction, and for want of facts sufficient to constitute a cause of action; and, their demurrer having been overruled, they appeal.

The opinion of Mr. Justice PATTERSON, at special term, is as follows:

The amended complaint sets forth a cause of action enforceable against the demurring defendants in the courts of this state. The gist of the matter is that the defendants referred to are, with others, and in fraud of the plaintiff's rights, about to distribute, under a decree of a probate court of another state, entered in a proceeding without notice to the plaintiff, a certain estate in which, by specific agreement, of which defendants referred to had full knowledge, the plaintiff has a share; and this will be done in violation of the plaintiff's rights, and, unless the defendants are enjoined from further proceedings under the decree, the plaintiff will be remediless. It is not contemplated in any way to interfere with the action of the foreign court to act by any exercise of jurisdiction here to affect the decree admitting the will of Mr.

Davis to probate. All that cannot be attacked here. But it is competent for this court to act upon the persons of the defendants, and restrain them from taking the benefit of certain provisions of that decree, when it is clearly shown that they were inserted by fraud and collusion, without notice to the plaintiff, and for the evident purpose of despoiling him of that share of the estate to which he was entitled, not under the will, but by agreement with the parties who do take under the will. This does not impugn the judgment of a court of a sister state, but merely acts upon the persons who seek to profit by the alleged fraud. The subject-matter of the action is one of which our courts have cognizance; and the defendants having submitted personally to the jurisdiction, as they have done by demurring, the court has power to render final judgment suitable to the facts, which, as they are stated in the amended complaint, would entitle the plaintiff to some, if not all, of the relief asked for.

Demurrer overruled, with costs, and with liberty to the defendants to withdraw the demurrer, and to answer the complaint within 20 days on payment of costs.

Argued before VAN BRUNT, P. J., and WILLIAMS, O'BRIEN, and INGRAHAM, JJ.

Charles E. Rushmore, for appellants.
Robert M. Morse and Walter S. Logan, for respondent.

INGRAHAM, J. This appears to be a rather novel action, by which plaintiff seeks to reverse the judgment of a court of the state of Montana which admitted a will of a deceased resident of that state to probate, and a decree of that court directing a distribution of the assets of the estate of the deceased (the court plainly having jurisdiction), on the ground that he had made an agreement with certain of the heirs at law of the deceased, and also a legatee and devisee under the will of the deceased, by which he was to obtain a portion of the estate of the deceased, but which is demurred to by these defendants, who were not parties to that agreement, and the agreement did not assume to affect these defendants' share of the estate. The complaint alleges a wicked and corrupt conspiracy, by which these defendants, who had filed objections to the probate of the will, withdrew the objections, and consented to the probate of the will, upon being allowed a certain portion of the estate. But it is a little difficult to see upon what principle these defendants were prohibited from withdrawing such objections to the admission of the will to probate, or why this court should prevent the decree of a court of competent jurisdiction. in fact having exclusive jurisdiction of the subject-matter of the proceeding, from being carried out. This court has no jurisdiction to administer upon the estate of the deceased, has no power to determine whether or not the will of the deceased was properly admitted to probate in the state of Montana, or to distribute the assets of the decedent, who was a resident of the state of Montana. We could not determine here whether the plaintiff would have got under his agreement more than the decree of the court of Montana has awarded to him, or to those whom he represented, if the defendants' objections to the probate of the will had not been withdrawn; and the question as to whether or not the will should be probated had been contested. And, if this court should grant the injunction which the plaintiff asks, the defendant

Ellen S. Cornue would simply be restrained from receiving a portion of the estate which a judgment of a competent court has decreed she was entitled to, without providing any method by which it could be determined what she was entitled to, or what her rights were. Here, so far as appears, the only remedy asked for is that the defendants be restrained from accepting any portion of said estate under a decree of a court of competent jurisdiction, which decrees that the said defendant is entitled to a portion of it. No judgment is asked determining how much this defendant is entitled to receive, and it is clear that this court could not in this action determine that question. Upon the granting of this relief, the condition of the parties would be that a large amount of property exists which a court of competent jurisdiction has determined should be divided among the parties to the action, but which this court adjudged should not be divided until they had bought the plaintiff off. We are not asked to determine the rights of the plaintiff in and to any of the property of the deceased, and, as before stated, we would have no power to determine that question.

The learned judge at special term, in deciding this motion, expressly disclaimed any power or authority to interfere with the decree of the foreign court, but held that it was competent for this court to act upon the persons of the defendants, and restrain them from taking the benefit of certain provisions of that decree, when it was clearly shown that they were inserted by fraud and collusion, without notice to the plaintiff, and for the evident purpose of despoiling him of that share of the estate to which he was entitled. But we think it quite clear that where this court neither has power to determine to whom the estate should go, nor power to set aside the decree on the ground of collusion or fraud, or for any other reason, it would be manifestly improper to grant an injunction restraining the parties from receiving the share under the decree, thus leaving the decree in force, but restraining any of the parties from executing it, and thus preventing the property of the decedent's estate from being distributed according to law. It is hardly the province of a court of equity to compel the persons interested in an estate to buy off one who claims an interest in the estate by an injunction which could be of no use to the plaintiff except so far as it would compel others to buy him off. The plaintiff has a complete remedy by an application to the proper court in Montana which has jurisdiction of the subject-matter of the action, which can summon all the parties interested before it, and give to the plaintiff such relief as he is entitled to. We think, therefore, that this complaint alleges no cause of action against these demurring defendants, who were not parties to or bound in any way by the agreement set up in the complaint.

The judgment must be reversed, and the demurrer sustained, with leave to the plaintiff to amend the complaint within 20 days, upon payment of costs in the court below and in this court. All concur.